# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**Patricia Ray,**

    **Plaintiff,**

                              **Case No.: 2:08-cv-1086**
                              **Judge Smith**

**-V-**                                      **Magistrate Judge King**

**The Franklin County**
**Board of Elections,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Consolidate (Doc. 2). Plaintiff moves to consolidate this case with *Northeast Coalition for the Homeless v. Brunner*, Case Number 2:06-cv-896; *Ohio Republican Party v. Brunner*, Case Number 2:08-cv-913; and *State of Ohio ex rel. Dana Skaggs v. Brunner*, Case Number 2:08-cv-1077. The aforementioned cases have been consolidated before Judge Marbley. For the reasons that follow, Plaintiff's Motion to Consolidate is **DENIED.**

Rule 42(a) of the Federal Rules of Civil Procedure provides:

> If actions before the court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any or all of the matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

(Emphasis added). "Whether cases involving the same factual and legal questions should be consolidated for trial is a matter within the discretion of the trial court. . . ." *Cantrell v. GAF*

*Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993).

Plaintiff argues that "[t]his case involves similar legal issues concerning interpretations of Secretary of State Brunner's directives and would be necessary to avoid the risk of inconsistent legal rulings in the few days before the counting in the 2008 general election." (Pl.'s Mot. at 1). The Court has reviewed the Complaint at issue in this case and it involves a very specific issue regarding whether Defendants discriminated against person with disabilities by not accommodating them to permit their absentee ballots to be counted. The cases consolidated before Judge Marbley involve the counting of provisional ballots and do not raise any issues regarding the incomplete absentee ballots. Therefore, the Court finds that this case does not involve the same factual and legal issues to justify consolidation with Judge Marbley's case. Accordingly, Plaintiff's Motion to Consolidate is **DENIED**.

The Court further orders that Defendants preserve all absentee ballots, including Plaintiff's absentee ballot, pending the resolution of this case.

The Court will hold a hearing on Plaintiff's Motion for a Temporary Restraining Order on Monday, November 17, 2008, at 11:00 a.m. in Judge Smith's Courtroom. Defendants shall file a Memorandum in Opposition no later than 9:00 a.m. Monday, November 17, 2008.

The Clerk shall remove Document 2 from the Court's pending motions list.

  **IT IS SO ORDERED.**

             */s/ George C. Smith*
             **GEORGE C. SMITH, JUDGE**
             **UNITED STATES DISTRICT COURT**