# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**Patricia Ray,**

    **Plaintiff,**

**-v-**                                                     **Case No.: 2:08-CV-1086**
                                                              **JUDGE SMITH**
                                                               **Magistrate Judge King**

**The Franklin County Board**
**of Elections,** *et al.***,**

    **Defendants.**

## ORDER

This matter is before the Court on Plaintiff's Motion for Fees and Costs (Doc. 14). Plaintiff, as the prevailing party in this case, seeks to recover attorneys fees and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12133, 29 U.S.C. § 794a(b) and 42 U.S.C. § 1988(b). Plaintiff is seeking $350 in costs and $15,789.50 in attorneys fees, for a total of $16,139.50. Defendant, the Franklin County Board of Elections, has filed a response, not challenging whether the attorney fees should be awarded, but who should be required to pay the fees if awarded (Doc. 16). Defendant, the Ohio Secretary of State, has filed a response challenging the amount of fees and costs sought (Doc. 17). This matter is now ripe for review.

## I. BACKGROUND

Plaintiff Patricia Ray initiated this case on November 15, 2008, asserting violations under the Americans with Disabilities Act ("ADA"), the Help America Vote Act ("HAVA"), and the Equal Protection Clause of the Fourteenth Amendment. Plaintiff voted by absentee ballot in the general election that was held on November 4, 2008. Plaintiff was notified on November 11,

2008 via telephone by the Franklin County Board of Elections that she had to come to the Board of Elections by November 14, 2008 to cure problems in her absentee ballot. (*See* Ray Aff. ¶ 8). She was further informed that if she did not correct the problem by November 14, 2008, her vote would not be counted.

Plaintiff has diabetes, suffers from panic attacks, is bed-ridden. She cannot leave her home and cannot go to the Franklin County Board of Elections. Plaintiff is disabled as defined in the ADA, is homebound, and is physically unable to come to the Board of Elections by November 14, 2008. The Franklin County Board of Elections has stated that it will not send a representative to the houses of disabled persons to permit them, including Plaintiff, to cure their absentee ballots. Defendant Secretary of State Jennifer Brunner has refused to require Defendant Franklin County Board of Elections to have its representatives go to the houses of bed-ridden persons to cure absentee ballots.

The Court held oral argument on Plaintiff's Motion for a Temporary Restraining Order and Preliminary and Permanent Injunction on November 17, 2008. The Court issued its Opinion and Order the same day, holding that Plaintiff and other disabled persons who are confined to their homes and cannot travel to their respective County Board of Elections to correct the deficiencies in their absentee ballots, shall be given reasonable accommodations to do so. Now as the prevailing party, Plaintiff and her counsel are seeking their attorneys' fees.

## II. DISCUSSION

42 U.S.C. § 1988(b) provides in pertinent part: "[i]n any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's

fee as part of the costs." When considering a petition for attorneys fees, the court must first determine whether the petitioning plaintiff was the prevailing party. *Wayne v. Village of Sebring*, 36 F.3d 517, 531 (6th Cir. 1994). To be a "prevailing party," a party must "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (*quoting Nadeau v. Helgemoe*, 581 F.2d 275, 278-79 (1st Cir. 1978)). In *Farrar v. Hobby*, 506 U.S. 103, 113 (1992), the Court explained that "a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties . . . in a way that directly benefits the plaintiffs." 506 U.S. at 111-12. *See Citizens Against Tax Waste v. Westerville City School Dist. Bd. of Educ.*, 985 F.2d 255, 257-58 (6th Cir. 1993). There is no dispute that Plaintiff in this case is a prevailing party.

The next step of the analysis is whether the moving party's victory was sufficient to justify a fee award[1] and what fee is reasonable. *Farrar*, 506 U.S. at 114. The starting point in determining a reasonable fee is to determine the number of hours reasonably expended on the litigation, excluding excessive, redundant or otherwise unnecessary hours, multiplied by a reasonable hourly rate. *Wayne*, 36 F.3d at 531. This is referred to as the "lodestar" calculation. A district court has broad discretion to determine what constitutes a reasonable hourly rate for an attorney. *Wayne*, 36 F.3d at 533. The party seeking attorney's fees bears the burden of proof on the number of hours expended and the rates claimed. *Hensley*, 461 U.S. at 433. However, a "strong presumption" favors the prevailing lawyer's entitlement to his lodestar fee. *See City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).

---

[1] Defendants do not challenge whether Plaintiff was a prevailing party, nor that the amount of fees should be reduced because of the degree of Plaintiff's success.

After calculating the "lodestar" rate, the district court may then adjust the "lodestar" to reflect relevant considerations peculiar to the case and the result obtained. *Wayne*, 36 F.3d at 531. This step involves two questions: "First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The adjustment is governed by a set of twelve factors first announced in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) and adopted by the Supreme Court in *Hensley*.[2] Many of these factors may be considered either in determining the basic lodestar fee and/or adjustments thereto. *Paschal v. Flagstar Bank*, 297 F.3d 431, 435 (6th Cir. 2002).

Defendant Brunner sets forth two main reasons as to why Plaintiff's demand for attorneys' fees is unreasonable and should be reduced by the Court.[3] First, Defendant argues that the Plaintiff's lawyers have failed to provide a detailed list of the work performed. Second, Defendant argues that the attorneys fees should be reduced because Plaintiff's attorneys have expended an unreasonable amount of hours on this litigation.

---

[2] These factors are: (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-19.

[3] Defendant Brunner initially argued that Plaintiff's Motion was untimely, but then withdrew that argument in a subsequent notice to the Court (Doc. 18).

Defendant Brunner argues that Plaintiff's attorneys have lumped together time for multiple activities making it impossible to determine the amount of time spent on each task. Defendant Brunner, however, only cites two specific examples of this "lumping" as set forth in Mr. Spater's affidavit. Those two specific entries are: "filed suit; went to Judge Marbley's chambers for decision on motion to consolidate; read Judge Smith's order; talked with susan tobin and jayson boylen about declaration of Ray; worked on declaration; worked on motion for tro and memorandum; filed them." And "read defendants' memos; prepared for argument; argument." Defendant Brunner then concedes that the other attorneys seemed to document their hours better, but states that there is still some ambiguity.

Defendant Brunner relies on *Imwalle v. Reliance Med. Products*, 515 F.3d 531, 552 (6th Cir. 2008), in support of her argument that Plaintiff has not sufficiently itemized the time. In Imwalle, the Sixth Circuit upheld the amount of fees awarded for a number of reasons, including that "[t]he time entries in counsel's billing statement [were] listed separately and [were] not lumped together. Each page of the billing record contain[ed] a heading identifying the client, client matter number, and client matter description, and the billing statement appear[ed] to have been computer generated." *Id.* at 553-554.

Plaintiff responds that the "itemization of fees presented by plaintiff is sufficient to demonstrate that the request for fees is reasonable and for the court to determine the amount of the fees." (Pl.'s Reply at 3). Plaintiff further argues that discovery and a hearing are not necessary and could double the amount of attorneys fees. Plaintiff directs the Court's attention to the specific billing records from the *Imwalle* case and highlights that each date often included a number of tasks that were performed in a certain number of hours without detailing the amount of

time that the attorney spent on each task. This is exactly the same practice performed by Plaintiff's attorneys in recording their time in the case at bar.

The Court has reviewed Plaintiff's attorneys fees and finds that there is sufficient documentation to justify an award of attorneys' fees. The Court does not believe that discovery and a hearing are necessary as it would only increase the amount of attorneys' fees to be paid. The Supreme Court has admonished that "a request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

Next, Defendant argues that the attorneys' fees should be reduced because Plaintiff's attorneys have expended an unreasonable amount of hours on this litigation. Defendant Brunner is not challenging the proposed hourly rates, but is asserting that the fees are exorbitant given the nature of the case. Defendant challenges the need for seven attorneys in this case. Further, she asserts that some of the hours expended included sitting through the hearings in *State ex rel. Skaggs v. Brunner*, case no. 2:08-cv-1077 (J. Marbley), a case where the Judge denied consolidation with Plaintiff's case.

Plaintiff responds that none of Plaintiff's counsel billed for the time they spent in the courtroom during the *State ex rel. Skaggs* case. Plaintiff's counsel asserts that while the billing indicates that several attorneys attended the hearing in that case, none of them billed for that time. With respect to the seven attorneys who billed time on this case, Plaintiff's counsel asserts that three attorneys primarily did the work: Alexander Spater, Susan Tobin and Jason Boylen. The other attorneys at the Ohio Legal Rights Service each spent no more than one or two hours on this case and there is no indication that any of the time duplicates the work performed by other

attorneys. Plaintiff argues that "[i]n light of the limited time that counsel had to prepare a Complaint and Motion for a Temporary Restraining Order, obtain supporting documentation, and to prepare for an expedited hearing, having three attorneys working on this case can hardly be considered excessive, particularly when defendants were represented by five attorneys (three for the Secretary of State and two for the Franklin County Board of Elections)." (Pl.'s Reply at 8).

The Court has carefully reviewed the detailed billings of each of the seven attorneys who worked on Plaintiff's case. In light of the tremendous time restraints that counsel was under in filing the Complaint and Temporary Restraining Order, the number of attorneys needed to prepare the case and the time expended is not unreasonable. The billing rates for each of the attorneys is reasonable and are comparable to the rates of other attorneys in Columbus, Ohio.[4] Further, the Court does not find any evidence that Plaintiff's counsel billed for attending the hearing in the *Skaggs* case.

Plaintiff also seeks $350 in costs for filing the case. Defendants have not challenged this request. Federal Rule of Civil Procedure 54(d) provides that costs "shall be allowed as of course to the prevailing party unless the court otherwise directs." The Supreme Court has recognized that this language "signals the general proposition that 'liability for costs is a normal incident of defeat.'" *Jones v. Continental Corp.*, 789 F.2d 1225, 1233 (6th Cir. 1986), *quoting Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981). Therefore, Rule 54(d) creates a "presumption in

---

[4] Plaintiff's counsel has submitted the affidavit of John Marshall, a prominent attorney in civil rights cases, who reviewed the attorneys fees in this case and concluded that "with the exception of Mr. Spater's hourly rate of $350.00, which is below the average hourly rate for counsel of his background, skill, and experience in Columbus, Ohio, the remaining lawyers' hourly rates are either at (or below) the market rate for attorneys of similar background, skill and experience in Columbus, Ohio." (Marshall Aff. ¶ 12).

favor of awarding costs" to the prevailing party." *White & White, Inc. v. American Hospital Supply Corp.*, 786 F.2d 728, 729 (6th Cir. 1986).

Accordingly, Plaintiff's Motion for Fees and Costs is **GRANTED**.

The Court must now address Defendant Franklin County Board of Elections' Memorandum addressing who should pay if attorneys' fees and costs are awarded to Plaintiff. Defendant Board argues that the Secretary of State's Directive 2008-109 caused the violation of Title II of the Americans with Disabilities Act, and thus, any attorneys fees awarded should be borne solely by the Secretary. The issuance of Directive 2008-109 gave rise to this case by altering the procedures of Ohio Revised Code § 3509.07. Without the issuance of Directive 2008-109, this Court held that Plaintiff would not have an ADA claim "because all voters who case absentee ballots with deficiencies would be treated equally, and thus, homebound individuals with disabilities would not be discriminated against." (Doc. 11, Opinion and Order at 8). The Board argues that its actions and policies were not at issue in this case. The Secretary issued the Directive pursuant to her general authority under Ohio Revised Code § 3501.05, and county boards of elections are bound to act in accordance with a directive and are prohibited from issuing rules and instructions that are inconsistent with directives issued by the Secretary of State. *See* O. R.C. § 3501.11(E). Therefore, the Board argues that it was merely an instrument used to implement the Secretary's directive and the Secretary's culpability should not be imputed to it.

Plaintiff argues that both Defendants denied her the right to vote. The Secretary did not require accommodations to be made for disabled persons, and the Board did not provide the accommodations. Plaintiff further argues that the Board was not prevented by the Directive from

-8-

going to the homes of disabled, home-bound absentee voters to cure defects on the envelopes of the absentee ballots.

While Plaintiff is correct that the Board could have made attempts to accommodate disabled persons on their own, as at least one other county did (*see* Opinion and Order at 10), the Board did not issue the directive. The Directive was issued by the Secretary of State pursuant to her general authority to issue directives to the county boards of elections. It was Directive 2008-109 that the Court found in violation of the ADA. Therefore, Defendant Secretary of State Brunner shall be responsible for the entire amount of attorneys' fees and costs awarded to Plaintiff in this case.

Defendant, Secretary of State Brunner, shall pay to Plaintiff and Plaintiff's counsel the following:

**Mr. Spater's filing fee**                          **$350.00**

**Mr. Spater's legal fees:**     **14.25 hours x $350/hour = $4987.50**

**Ms. Corner's legal fees:**     **2.3 hours x $230/hour = $529.00**

**Mr. Boylan's legal fees:**     **16.6 hours x $175/hour = $2905.00**

**Ms. Starr's legal fees:**     **1.2 hours x $138/hour = $138.00**

**Mr. Truitt's legal fees:**     **1.6 hours x $200/hour = $320.00**

**Mr. Smith's legal fees:**     **.4 hours x $250/hour = $100.00**

**Ms. Tobin's legal fees:**     **23.4 hours x $275/hour = $6435.00**

**Ms. Weeks legal fees:**     **1.5 hours x $250/hour = $375.00**

Defendant Brunner is therefore ordered to pay the aforementioned fees and costs, totaling $16,139.50.

## III. CONCLUSION

For all the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Attorneys' Fees and Costs. Defendant Secretary of State Jennifer Brunner is hereby ordered to pay Plaintiff and Plaintiff's counsel $16,139.50 by September 1, 2009.

The Clerk shall remove Document 14 from the Court's pending motions list.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**